IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JUNE 1998 SESSION

FILED

July 20, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO. 01C01-9708-CC-00366 |
| Appellee, | ) | |
| | ) | RUTHERFORD COUNTY |
| VS. | ) | |
| | ) | HON. J.S. DANIEL, |
| Y'VETTE VITINA VADEN, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (1st Degree Murder, Aggravated |
| | ) | Assault, Reckless Endangerment) |

**FOR THE APPELLANT:**

JOHN P. DRIVER
120 East Main Street
NationsBank Building, Third Floor
P.O. Box 1336
Murfreesboro, TN 37133-1336

**FOR THE APPELLEE:**

JOHN KNOX WALKUP
Attorney General and Reporter

DEBORAH A. TULLIS
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

WILLIAM C. WHITESELL, JR.
District Attorney General
303 Rutherford County Jud. Bldg.
Murfreesboro, TN 37130

OPINION FILED: _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

**OPINION**

The defendant, Y'vette Vitina Vaden,[1] appeals as of right her convictions for first degree murder, aggravated assault, and reckless endangerment. On appeal, she contends the trial court erred by (1) admitting the taped statement of the victim identifying the defendant as the person who shot him, and (2) admitting photographs of the deceased victim. We find no error and AFFIRM the judgment of the trial court.

## FACTS

On July 22 1995, Gregory Mobley, the victim, called 9-1-1 from a pay phone outside a "Kountry Korner Market" seeking to have the defendant, his girlfriend, arrested for destroying his clothes. Before a sheriff's deputy could arrive at the scene, the defendant arrived armed with a pistol and approached Mobley in the store. The defendant demanded money from Mobley.

Mobley stated he had no money and told the defendant to go ahead and shoot him. The defendant stated she was not going to shoot him in the store where people were working. She also stated, "I'm going to kill you." A store employee told the two to "take it outside," and the defendant left the store. As Mobley followed the defendant, the defendant turned and shot Mobley several times through the open door of the store. A store customer was also wounded in the left ankle by a ricocheting bullet.

While in an ambulance en route to the hospital, Lieutenant Randy Faulk of the Rutherford County Sheriff's Department elicited a taped statement from Mobley. The victim identified the defendant as the person who shot him. The victim died shortly thereafter.

---

[1] The defendant's name was also spelled "Y'vetta" in various pleadings.

2

The defendant returned to her home, called 9-1-1, and identified herself as the person who shot the victim. She was subsequently arrested.

## VICTIM'S DYING DECLARATION

The defendant contends the recorded statement of the victim identifying her as the perpetrator was improperly admitted hearsay evidence. Specifically, she contends the State failed to prove the defendant had knowledge of his impending death when the statement was made. The state argues the statement was properly admitted as a dying declaration.

For a hearsay statement to be admissible as a dying declaration, the statement must be (1) used in the homicide trial of the declarant; (2) made while the declarant believed his or her death was imminent; and (3) made concerning the cause or circumstances of what the declarant believed to be impending death. Tenn. R. Evid. 804(b)(2). Unquestionably, the statement was used in the homicide trial of the declarant and concerned the cause or circumstances of the declarant's death. Therefore, the only issue for determination is whether the declarant's statement was made while he believed that death was imminent.

The victim is not required to explicitly state that he or she believes death is imminent in order for the statements to be admissible under Tenn. R. Evid. 804(b)(2). *See* State v. Maruja Paquita Coleman, C.C.A. No. 01C01-9401-CR-00029, Davidson County (Tenn. Crim. App. filed July 31, 1997, at Nashville). The character of the victim's wounds may show consciousness of impending death. Hawkins v. State, 417 S.W.2d 774, 777 (Tenn. 1967); State v. Keels, 753 S.W.2d 140, 143 (Tenn. Crim. App. 1988). *See also* Neil P. Cohen et al., Tennessee Law of Evidence, § 804(b)(2).1 (3d ed. 1995).

3

In the instant case, the victim had been shot twice in the abdomen, once in the arm, and in the back of the thigh. A registered nurse who witnessed the shooting testified she told the paramedics to work quickly as she believed the victim could die soon from loss of blood. The paramedics gave Mobley oxygen, began to monitor his heart rate, and placed two (2) intravenous tubes into his arms while en route to the hospital.

Based upon these facts, the trial court concluded the statement met the requirements of Tenn. R. Evid. 804(b)(2). The evidence does not preponderate against the trial court's admission of the victim's statement as a dying declaration.

Furthermore, any possible error concerning admission of the dying declaration was clearly harmless. Tenn. R. App. P. 36(b). Numerous other witnesses identified the defendant as the person who shot the victim. The defendant herself called 9-1-1 and admitted to shooting the victim. We are satisfied the result would have been the same without the admission of the dying declaration.

This issue is without merit.

## ADMISSION OF PHOTOGRAPHS

The defendant further contends the trial court improperly admitted photographs of the victim. The photographs were taken just prior to the autopsy. The defendant argues the photographs were irrelevant, inflammatory, and their probative value was far outweighed by their prejudicial effect.

The admissibility of photographs lies within the sound discretion of the trial court whose ruling will not be overturned on appeal except upon a clear showing

4

of an abuse of discretion.  State v. Banks, 564 S.W.2d 947, 949 (Tenn. 1978); see also State v. Stephenson, 878 S.W.2d 530, 542 (Tenn. 1994); State v. Bordis, 905 S.W.2d 214, 226 (Tenn. Crim. App. 1995).  Nevertheless, the photographs must be relevant to an issue at trial with its probative value outweighing any prejudicial effect that it may have upon the trier of fact.  State v. Braden, 867 S.W.2d 750, 758 (Tenn. Crim. App. 1993); State v. Jennifer Collins, C.C.A. No. 03C01-9704-CR-00143, Hamilton County (Tenn. Crim. App. filed March 3, 1998, at Knoxville).

We must, therefore, first determine whether the photographs were relevant.  Relevant evidence is evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Tenn. R. Evid. 401.  The photographs were used by the medical examiner to explain his testimony to the jury.  The defensive wounds shown in the photographs were also used to show the premeditated nature of the crime and rebut the theory of self-defense.

In light of the evidence previously introduced, the admission of the photographs of the victim presents a close question.  Arguably, this information could have been properly relayed to the jury with the autopsy diagrams rather than the photographs.  However, we note the trial court excluded one photograph as being overly graphic.  In addition, the admitted photographs were not bloody, gruesome, or inflammatory.  We find the photographs were not overly prejudicial, and the trial court did not abuse its discretion admitting them.

Furthermore, if the photographs were improperly admitted, their admission constituted harmless error.  Tenn. R. App. P. 36(b).  They certainly were not of the prejudicial magnitude of those utilized in State v. Jennifer Collins, supra.

5

This issue is without merit.

For the reasons stated above, we AFFIRM the judgment of the trial court.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**CURWOOD WITT, JUDGE**

_____
**LEE MOORE, SPECIAL JUDGE**